NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1536
_____

UNITED STATES OF AMERICA

v.

MYCHAEL SAUNDERS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00165-001)
District Judge: Hon. Paul S. Diamond
_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed:  March 21, 2011 )

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Appellant Mychael Saunders appeals from his sentence of 619 months'

imprisonment, contending first that the District Court failed to properly consider his

medical needs under the 18 U.S.C. § 3553(a) sentencing factors, and second that the

1

Court misapplied the penalty provisions of 18 U.S.C. § 924(c). We will affirm the District Court.[1]

The parties are familiar with the facts and the proceedings in the District Court, so we will not revisit them here.

Saunders contends that the District Court failed to meaningfully consider the 18 U.S.C. § 3553(a) sentencing factors, particularly § 3553(a)(2)(D), which includes providing the defendant "with needed . . . medical care . . . in the most effective manner." We disagree. The District Court properly addressed the § 3553(a) factors and explicitly considered Saunders's medical needs in imposing his sentence. See App. 998-999 (Sentencing Tr.) ("I have considered the need to provide the defendant with . . . medical care."); id. at 999 ("I strongly recommend that the Bureau of Prisons designate a facility that can treat Mr. Saunders appropriately . . . ."); id. at 1002 ("I considered your medical condition in imposing [the] sentence. . . . I very carefully considered it."). Accordingly, we determine the District Court did not exceed its discretion in imposing Saunders's sentence.

Saunders also argues that the Court erred as a matter of law in its application of the 18 U.S.C. § 924(c) sentencing penalties. Section 924(c)(1)(A) provides, "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a sentence for abuse of discretion, examining both its procedure and substance. See United States v. Kulick, 629 F.3d 165, 168 (3d Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Saunders did not raise his 18 U.S.C. § 924(c) argument before the District Court and we therefore review it for plain error. E.g., United States v. Ward, 626 F.3d 179, 183 (3d Cir. 2010).

any other provision of law, any person who, during and in relation to any crime of violence . . . uses or carries a firearm" shall be subject to mandatory minimum terms of imprisonment. Saunders was convicted of two separate violations of 18 U.S.C. § 924(c) for two separate incidents. For robbing at gunpoint a gun store on November 25, 2005, he received a mandatory seven years' imprisonment. See § 924(c)(1)(A)(ii) (requiring seven years for brandishing a firearm). For the second § 924(c) conviction, resulting from a gunpoint robbery of a 7-Eleven convenience store on January 7, 2006, he received a mandatory 25 years' imprisonment. See § 924(c)(1)(C)(i) (imposing 25 years for a second § 924(c) conviction). Saunders reads the prefatory language of § 924(c)(1)(A) to prohibit the Court from imposing the seven-year sentence.

The Supreme Court has foreclosed Saunders's contention. In Abbott v. United States, 131 S. Ct. 18, 23 (2010), the Court made clear "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Saunders's sentences for his two separate § 924(c) convictions were required by the plain operation of the statute, which the District Court correctly applied.

Accordingly, we hold that Saunders's overall sentence was procedurally, substantively, and legally sound.

*****

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.

3